UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 13-00203 |
| ) | |
| MARTIN IMPORTS, INC., and ) | |
| ANTHONY MARTIN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

The United States of America, through its undersigned attorneys, brings this action and alleges the following:

1. This is an action to enforce monetary civil penalties pursuant to 19 U.S.C. § 1592.

2. Pursuant to 28 U.S.C. § 1582, this Court possesses exclusive jurisdiction to entertain this action.

3. Upon information and belief, defendant, Martin Imports, Inc., (Martin Imports) is or has been engaged in the import of commercial merchandise, including alcoholic beverages, and is incorporated under the laws of the State of Pennsylvania, with its headquarters at 1034 Callahan Avenue, Yeadon, PA 19050. Defendant, Anthony Martin, is the registered agent for Martin Imports at the same address.

4. Anthony Martin is the president of Martin Imports.

5. Upon information and belief, defendant, Anthony Martin, resides at 1034 Callahan Avenue, Yeadon, PA 19050.

6. From May 15, 2008 through June 23, 2008, Martin Imports entered or introduced, or caused to be entered or introduced, into the commerce of the United States, at the Port of JFK Airport, five entries of alcoholic beverages. Details of these import transactions are listed in the attached Exhibits A and B, which we incorporate by reference.

7. The merchandise identified by Exhibit A, entered in entry F30-0044107-9, consisted of 250 cases of magnum red wine, and 50 cases of overproof rum. Exhibit D.

8. With regard to the 50 cases of rum included in entry F30-0044107-9, the merchandise was entered or introduced (or attempt was made to enter or introduce) into the commerce of the United States by means of documents which contained false statements and omissions, in that the commercial invoice initially submitted to U.S. Customs and Border Protection (CBP) falsely described the 50 cases of rum as 50 cases of magnum red wine.

9. The original version of the commercial invoice for entry F30-0044107-9 described the merchandise as 250 cases of magnum red wine, and 50 cases of overproof rum. Exhibit D.

10. The original version of the commercial invoice, included as Exhibit D, was altered to misrepresent the merchandise as consisting of 300 cases wine, instead of 250 cases of wine and 50 cases of rum. *See* Exhibit C; *compare* Exhibit D.

11. The altered version of the invoice, included as Exhibit C, was the first version of the invoice submitted to CBP.

12. The air waybill for entry F30-0044107-9 described the merchandise as "rum and wine."

13. CBP determined that the air waybill, listing "rum and wine," differed from the invoice included as Exhibit C, listing only wine.

14. On October 8, 2008, CBP issued a notice of proposed action, indicating that CBP would classify the entire merchandise as rum, and assess excise taxes accordingly, unless Martin Imports submitted the original invoice.

15. In response to the October 8, 2008 notice of proposed action, Martin Imports submitted the invoice included as Exhibit D, listing 250 cases of wine and 50 cases of rum instead of 300 cases of wine. *See* Exhibit D.

16. The difference between Exhibits C and D amounts to a misrepresentation of 50 cases of rum as 50 cases of wine.

17. The Federal excise taxes that would have been assessed against the merchandise, based on Exhibit C, would have been lower than the taxes based on Exhibit D. Martin Imports paid $2,696.14 in excise taxes for the 50 cases of rum in Exhibit D. Had excise taxes been assessed against 50 cases of the type and volume of wine listed in Exhibits C and D, the amount would have been only $99.54. *See* 26 U.S.C. §§ 5002(a)(10)-(11); 5001(a)(1); 5041(b)(2). Undetected, the alteration of Exhibit D to misrepresent 50 cases of rum as 50 cases of wine would have allowed Martin Imports to avoid paying $2,596.60 in excise taxes.

18. CBP determined that the domestic value of the 50 cases of rum listed in Exhibit D was $15,000.

19. For four of the five entries identified in Exhibits A and B — entries F30-0044126-9, F30-0044073-3, F30-0043982-6, as well as entry F30-0044107-9 (discussed in paragraphs 7 through 18) — the merchandise was entered or introduced (or

attempt was made to enter or introduce) into the commerce of the United States by means of documents which contained false statements and omissions, in that the documentation (including electronically transmitted data or information) submitted to CBP falsely classified the alcoholic beverages as "apple juice" under subheading 2009.79.0020 of the Harmonized Tariff Schedule of the United States (HTSUS).  Apple juice is duty-free, and unlike alcoholic beverages, is not subject to a Federal excise tax.  The merchandise should have been entered under one of the following categories: HTSUS 2206.00.90.00 (other fermented beverages); HTSUS 2208.70.00.30 (liqueurs and cordials); HTSUS 2204.21.50.30 (2008) (red wine, not over 14-percent alcohol); or HTSUS 28.40.40.00 (rum) — all of which are subject to Federal excise taxes.  Undetected, these misclassifications would have allowed Martin Imports to avoid $2,399.32 in excise taxes for entries F30-0044126-9, F30-0044073-3, F30-0043982-6, combined.  For entry F30-0044107-9, this misclassification would have allowed Martin Imports to avoid paying excise taxes of $2,696.14 for the 50 cases of rum, and $497.69 for the 250 cases of wine.  *See* 26 U.S.C. §§ 5001; 5041; Exhibit D.

20. For the fifth entry, F30-0044082-4, the merchandise was properly classified under HTSUS 2208.90.80.00 (other spirituous beverages).  The merchandise was entered or introduced (or attempt was made to enter or introduce) into the commerce of the United States by means of documents which contained false statements and omissions, in that the documentation (including electronically transmitted data or information) submitted to CBP falsely stated the quantity of entered merchandise.  Martin Imports underrepresented the quantity as 101 proof liters.  Martin Imports actually entered 101 cases — with each case containing 12 liters of 126-proof rum.  The correct

volume was 1527.12 proof liters. Undetected, this underrepresentation would have allowed Martin Imports to avoid $5,086 in Federal excise taxes. *See* 26 U.S.C. §§ 5001(a)(1); 5002(a)(10)-(11).

21. The false statements and omissions referenced in paragraphs 8, 19, and 20 were material because they were capable of influencing CBP's determinations regarding the proper classification of the merchandise and the proper amount of excise taxes to be assessed upon the merchandise, and prevented the compilation of accurate trade statistics.

22. The material false statements referenced in paragraph 21 constitute violations of 19 U.S.C. § 1592.

23. Regarding entry F30-0044107-9 (discussed in paragraphs 7 through 19), on December 23, 2008, CBP issued a pre-penalty notice to both Martin Imports and Anthony Martin for $15,969.15 for a civil penalty for a fraudulent violation of 19 U.S.C. § 1592, or alternatively for a grossly negligent or negligent violation of 19 U.S.C. § 1592. The proposed penalty of $15,969.15 was lower than the sum of (1) the domestic value of the 50 cases of rum, $15,000; and (2) four times the $497.69 in lawful excise taxes of which the United States was deprived for the 250 cases of wine.

24. On March 17, 2009, CBP issued a penalty notice for $15,969.15.

25. With regard to the penalty for $15,969.15, all administrative notices, petitions for relief, and demands for payment were processed in accordance with applicable laws and procedures.

26. Martin Imports and Anthony Martin have not paid any part of the outstanding penalty for $15,969.15. Consequently, Martin Imports and Anthony Martin

remain liable to the United States for the full amount of the outstanding $15,969.15 penalty.

27. Regarding entries F30-0044126-9, F30-0044073-3, F30-0043982-6, and F30-0044107-9 (discussed in paragraphs 19 through 20 and listed in Exhibit B), on December 4, 2009, CBP issued a pre-penalty notice to Martin Imports and Anthony Martin for $29,941.28 (an amount equivalent to four times the lawful excise taxes of which the United States was deprived), for a grossly negligence violation of 19 U.S.C. § 1592, or alternatively for a negligent violation of 19 U.S.C. § 1592.

28. On January 8, 2010, CBP issued a penalty notice for $29,941.28.

29. With regard to the penalty for $29,941.28, all administrative notices, petitions for relief, and demands for payment were processed in accordance with applicable laws and procedures.

30. Martin Imports and Anthony Martin have not paid any part of the outstanding penalty for $29,941.28. Consequently, Martin Imports and Anthony Martin remain liable to the United States for the full amount of the outstanding $29,941.28 penalty.

## COUNT I

31. The allegations contained in paragraphs 1 through 30 are re-alleged and incorporated herein by reference.

32. The material false statements and omissions described above in paragraphs 7 through 18, involving entry F30-0044107-9 and the alteration of a document to misrepresent 50 cases of rum as 50 cases of wine, were committed

knowingly, voluntarily, and intentionally.  Thus, they were the result of fraud by Martin Imports and Anthony Martin.

33.     If the material false statements and omissions described above in paragraphs 7 through 18, involving entry F30-0044107-9 and the alteration of a document to misrepresent 50 cases of rum as 50 cases of wine, were not the result of fraud, then these material false statements and omissions, as well as the material false statements and omissions that led Martin Imports to misclassify the same 50 cases of rum as "apple juice," described in paragraph 19, were the result of gross negligence because Martin Imports and Anthony Martin made the false statements willfully, wantonly, recklessly, and with an utter lack of all care.

34.     If the material false statements and omissions described above in paragraphs 7 through 18, involving entry F30-0044107-9 and the alteration of a document to misrepresent 50 cases of rum as 50 cases of wine, as well as the material false statements and omissions that led Martin Imports to misclassify the same 50 cases of rum as "apple juice," described in paragraph 19,  were not the result of gross negligence, then they were the result of negligence because Martin Imports and Anthony Martin failed to exercise reasonable care and competence to ensure that the merchandise was properly described and classified.

35.     The material false statements and omissions described above in paragraph 19, involving entry F30-0044107-9 and the misclassification of 250 cases of wine as "apple juice," were the result of gross negligence because Martin Imports and Anthony Martin made the false statements willfully, wantonly, recklessly, and with an utter lack of all care.

36. If the material false statements and omissions described above in paragraph 19, involving entry F30-0044107-9 and the misclassification of 250 cases of wine as "apple juice," were not the result of gross negligence, then they were the result of negligence because Martin Imports and Anthony Martin failed to exercise reasonable care and competence to ensure that the merchandise was properly described and classified.

37. For the 50 cases of rum referred to in Count I, pursuant to 19 U.S.C. § 1592(c)(1), Martin Imports and Anthony Martin are liable for a civil penalty in an amount not to exceed the domestic value of the rum. As alleged in paragraph 18, CBP determined that the domestic value of that merchandise was $15,000.

38. For the 250 cases of wine referred to in Count I, pursuant to 19 U.S.C. § 1592(c)(2)(A), Martin Imports and Anthony Martin are liable for a civil penalty not to exceed the lesser of the domestic value of the wine, or four times the lawful taxes of which the United States was deprived. The United States was deprived of excise taxes in the amount of $497.69. Four times the lawful excise taxes of which the United States was deprived is $1,990.76. The domestic value of this wine exceeded $1,990.76.

39. CBP issued a penalty notice regarding the violations alleged in Count I, for $15,969.15. $15,969.15 does not exceed the sum of (1) the domestic value of the rum referred to in Count I; and (2) the lesser of the domestic value, or four times the lawful taxes of which the United States was deprived, regarding the wine referred to in Count I. Accordingly, Martin Imports and Anthony Martin are liable for a civil penalty in the amount of $15,969.15, plus interest as provided by law.

## **COUNT II**

40. The allegations contained in paragraphs 1 through 39 are re-alleged and incorporated herein by reference.

41. The material false statements and omissions described above in paragraphs 19 through 20, involving entries F30-0044126-9, F30-0044073-3, F30--0043982-6, and F30-0044082-4, were the result of gross negligence because Martin Imports and Anthony Martin made the false statements willfully, wantonly, recklessly, and with an utter lack of all care.

42. If the material false statements and omissions described above in paragraphs 19 through 20, involving entries F30-0044126-9, F30-0044073-3, F30--0043982-6, and F30-0044082-4, were not the result of gross negligence, then they were the result of negligence because Martin Imports and Anthony Martin failed to exercise reasonable care and competence to ensure that the merchandise was properly described and classified.

43. For the entries referred to in Count II, pursuant to 19 U.S.C. § 1592(c)(2)(A), Martin Imports and Anthony Martin are liable for a civil penalty not to exceed the lesser of the domestic value of the merchandise, or four times the lawful taxes of which the United States was deprived.  The United States was deprived of $7,485.32 in excise taxes.  Four times the lawful excise taxes of which the United States was deprived is $29,941.28.  The domestic value of the merchandise exceeded $29,941.28.

44. CBP issued a penalty notice regarding the violations alleged in Count II for $29,941.28.  Accordingly, Martin Imports and Anthony Martin are liable for a civil penalty of in the amount of $29,941.28, plus interest as provided by law.

**WHEREFORE**, the United States respectfully requests that the Court enter judgment in its favor as follows:

On Count I, against defendants Martin Imports and Anthony Martin for a civil penalty in the amount of $15,969.15, plus interest and costs as provided by law; and

On Count II, for a civil penalty in the amount of $29,941.28, plus interest and costs as provided by law; and

Such other relief as the Court deems appropriate.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | STUART F. DELERY<br>Acting Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | /s/ Patricia M. McCarthy<br>PATRICIA M. McCARTHY<br>Assistant Director |
| OF COUNSEL: | /s/ Joshua A. Mandlebaum |
| PHILIP LAMB<br>Assistant Counsel<br>U.S. Department of Homeland Security<br>U.S. Customs and Border Protection<br>New York, New York | JOSHUA A. MANDLEBAUM<br>Trial Attorney<br>Civil Division<br>Commercial Litigation Branch<br>Department of Justice<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel: (202) 305-3091 |
| May 14, 2013 | Attorneys for the United States |

# APPRAISEMENT WORK SHEET

Date: 11/25/08

Violator(s): MARTIN IMPORTS

Address: 1034 CALLAHAM AVE
YEARDON, PA 19050

SAC Case#:

District Case #:

| Entry # | Date | Line | HTSUS | Entered Value | App. Value or (If Change in HTSUS) New Class & Rate | Duty Paid | L.O.R. | Domestic Value |
|---|---|---|---|---|---|---|---|---|
| F30-00441079 | 6/15/2008 | 1 | 2009790020 | $12,500.00 | 2208406000 & 2206009000 | $0.00 | 3194 | 25000 |

Appraiser's Name: Lisa Anschlower

Appraiser's Signature: Lisa Anschlower

Total Potential Loss of Revenue: $3194

# EXHIBIT B

## APPRAISEMENT WORK SHEET

Date: 11/30/09

Violator(s): MARTIN IMPORTS

Address: 1034 CALLAHAN AVE
YEADON, PA  19050

SAC Case#: _____

District Case #: _____

| Entry # | Date | Line | HTSUS | Entered Value | App. Value or (If Change in HTSUS) New Class & Rate | Duty Paid | L.O.R. | Domestic Value |
|---|---|---|---|---|---|---|---|---|
| F30-00440824 | 6/8/2008 | 1 | E220800900C | $15,150.00 | INCORRECT LITERS | $330.20 | 5086 | 30,300 |
| F30-00441269 | 6/22/2008 | 1 | 2009790020 | $16,900 | 14,900 E2206009000 2208404000 | $0.00 | 1585.59 | 42600 |
| | | | | | E2204215030 | | | |
| | | | | | 220870030 | | | |
| F30-00440733 | 6/8/2008 | 1 | 2009790020 | $7,900 | E2206009000 | $0 | 674.38 | 21,240 |
| F30-00439826 | 5/15/2008 | 1 | 2009790020 | $1,750 | E2206009000 | $0.00 | 139.35 | 5040 |

Total Potential Loss of Revenue: $7,485 (fed. Excise alcohol tax)

Appraiser's Name: LISA ANSCHLOWAR
Appraiser's Signature: _[signed]_

# COMMERCIAL INVOICE

| SELLER (NAME, FULL ADDRESS, COUNTRY) | INVOICE NO. AND DATE | CUSTOMER'S ORDER NO. |
|---|---|---|
| Oswald Martin<br>Carey Park Duncans P.O.<br>Trelawny | 14   6   08 | |
| | OTHER REFERENCES | |
| | | n/a |
| | BUYER (IF OTHER THAN CONSIGNEE) | |
| | | n/a |

| CONSIGNEE (NAME, FULL ADDRESS, COUNTRY) | PRESENTING BANK |
|---|---|
| Martin Import Inc<br>1034 Callahan Ave<br>Yeadon 19050<br>Philadelphia   CONSIGNEE NO. 55065 | |
| | COUNTRY OF ORIGIN OF GOODS |
| | Jamaica |

| PORT OF LADING | TERMS AND CONDITIONS OF DELIVERY AND PAYMENT |
|---|---|
| Kingston | |

| COUNTRY OF FINAL DESTINATION | SHIP/AIR/ETC. | |
|---|---|---|
| USA | Air | n/a |

| OTHER TRANSPORT INFORMATION | CURRENCY OF SALE |
|---|---|
| In house | US |

| MARKS AND NUMBERS | DESCRIPTION OF GOODS | GROSS WEIGHT kg. | CUBE M³ |
|---|---|---|---|

| & KIND OF PKGS. | SPECIFICATION OF COMMODITIES (IN CODE AND/OR IN FULL) | NET WEIGHT kg. | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| | 300 c/s  Magnum  24 x 200mL | | | | |

*JAMAICA CUSTOMS - NORMAN MANLEY INT'L AIRPORT EXPORT LEBANON* (stamp)

IT IS HEREBY CERTIFIED THAT THIS INVOICE SHOWS THE ACTUAL PRICE OF THE GOODS DESCRIBED, THAT NO OTHER INVOICE HAS BEEN OR WILL BE ISSUED AND THAT ALL PARTICULARS ARE TRUE AND CORRECT.

| | |
|---|---|
| PACKING | |
| FREIGHT | |
| OTHER COSTS (SPECIFY) | |
| INSURANCE | |
| TOTAL INVOICE AMOUNT | |

Q. McCalla    **EXHIBIT C**
SIGNATURE AND STATUS OF AUTHORIZED PERSON

## COMMERCIAL INVOICE

| SELLER (NAME, FULL ADDRESS, COUNTRY) | INVOICE NO. AND DATE | CUSTOMER'S ORDER NO. |
|---|---|---|
| Oswald Martin<br>Carey Park Duncans P.O.<br>Trelawny  TRADE NO. 313201138 | 14  6  08 | |
| | OTHER REFERENCES | N/A |
| | BUYER (IF OTHER THAN CONSIGNEE) | N/A |
| CONSIGNEE (NAME, FULL ADDRESS, COUNTRY)<br>Martin Import Inc<br>1034 Callahan Ave<br>Yeadon 19050<br>Philadelphia  CONSIGNEE NO. 55065 | PRESENTING BANK | |
| | COUNTRY OF ORIGIN OF GOODS<br>Jamaica | |
| PORT OF LADING<br>Kingston | TERMS AND CONDITIONS OF DELIVERY AND PAYMENT | |
| COUNTRY OF FINAL DESTINATION  SHIP/AIR/ETC.<br>U S A   Air | | N/A |
| OTHER TRANSPORT INFORMATION<br>In house | CURRENCY OF SALE | No |

| MARKS AND NUMBERS | DESCRIPTION OF GOODS | GROSS WEIGHT kg. | CUBE M³ |
|---|---|---|---|

| NO. & KIND OF PKGS. | SPECIFICATION OF COMMODITIES (IN CODE AND/OR IN FULL) | NET WEIGHT kg. | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|---|---|
| 50 c/s | Overproof Rum 12 x 1 Litre 65% alc vol. | | | 150.00 | 7500.00 |
| 250 c/s | Magnum Red wine 24 x 200mL | | | 20.00 | 5,000.00 |
| | | | PACKING | | |
| IT IS HEREBY CERTIFIED THAT THIS INVOICE SHOWS THE ACTUAL PRICE OF THE GOODS DESCRIBED, THAT NO OTHER INVOICE HAS BEEN OR WILL BE ISSUED AND THAT ALL PARTICULARS ARE TRUE AND CORRECT | | | FREIGHT | | |
| | | | OTHER COSTS (SPECIFY) | | |
| | | | INSURANCE | | |
| SIGNATURE AND STATUS OF AUTHORIZED PERSON  J. McCalla | | | TOTAL INVOICE AMOUNT | | $12,500.00 |

Stamps: RECEIVED OCT 16 2008 DPW SE REG DAYCARE DIV; JAMAICA CUSTOMS

EXHIBIT D - United States v. Martin Imports, Inc. and Anthony Martin - Court No. 13-00203

**EXHIBIT D**